UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL MONTGOMERY, JR., <br><br>    Plaintiff, <br><br> v. <br><br> MIDWEST DYNAMIC AUTOMATION INC., <br><br>    Defendant. | Case No. 2:23-CV-315-GSL-JEM |

## OPINION AND ORDER

Michael Montgomery, Jr. (an Indiana citizen, hereinafter, "Plaintiff") brought a products liability action in state court seeking to recover for injuries suffered at work. The case was removed to federal court, where he served an amended complaint on nine additional defendants, including Midwest Dynamic Automation, Inc. (an Illinois citizen, hereinafter, "Defendant"). Plaintiff remanded to state court, where he secured a $15,000,000 default judgment. Defendant's Motion to Correct Error and Vacate the Default Judgment was granted on August 15, 2023. Nine days later, Defendant answered the Amended Complaint, and on September 22, 2023, removed the case to federal court. Plaintiff timely moved to remand. The question before the Court is whether Defendant's removal is procedurally deficient, and if so, whether Plaintiff should be awarded attorney fees for Defendant's removal.

For the reasons that follow, Plaintiff's Motion [DE 11] is **GRANTED** as to remand and **DENIED** as to attorney fees.

## Factual Background and Procedural History

On March 7, 2017, Plaintiff was injured while working in Gary, Indiana, when his arm was ensnared by heavy machinery he was operating. As a result, his left hand was amputated. He

1

filed suit in Lake County on December 21, 2018, naming two defendants: SMS Group, Inc. ("SMS") and Andritz Herr-Voss Stamco Inc. ("Stamco"). Stamco properly removed to federal court. (Notice of Removal, Case No. 2:19-cv-00054, [DE 1]).

In federal court, Plaintiff filed an amended complaint naming nine additional defendants, including Defendant and Aeromet Industries, Inc. ("Aeromet").[1] (Am. Compl., ¶¶ 6-7, 17-18, 26-30, Case No. 2:19-cv-00054, [DE 22]). Plaintiff sought a jury trial and "a sum of money that is reasonable to compensate [him] for his damages, for the costs of this action, and for all other just and proper relief."[2] *Id.* at ¶ 30. Summons were sent to all parties, and all were returned executed except the one issued to Defendant. *See generally* (Docket, Case No. 2:19-cv-00054, [DEs 37-44]). On December 4, 2019, this Court granted Plaintiff's unopposed motion to remand for want of diversity with Aeromet. (Order, Case No. 2:19-cv-00054, [DE 86]). The case continued in state court.

On September 18, 2020, Plaintiff filed an affidavit detailing his July 27, 2020, state-court service on Defendant. Plaintiff moved for an entry of default against Defendant, which was entered by the court on December 2, 2020. The order stated that, "Defendant, Midwest Dynamic Automation, Inc., has been properly served." (Order of Default on the Issue of Liability Against Def. Midwest Dynamic Automation, Inc., Lake Superior Ct. Civ. Div. 6, Case No. 45D10-1812-CT-947, Dec. 28, 2018). Thirty-four days later, John Shaddon, the registered agent for, and sole employee of, the Defendant, moved to set aside the entry of default; he did not file through an attorney. *See* (Mot. to Vacate Default J., Lake Superior Ct. Civ. Div. 6, Case No. 45D10-1812-CT-947, Jan. 5, 2021). Plaintiff's motion to strike for procedural deficiency was granted.

---

[1] Aeromet is an Indiana corporation.
[2] For certain cases, Indiana prohibits plaintiffs from specifying a damages amount in the complaint. *See* Ind. R. Tr. P. 8(A)(2) ("[I]n any complaint seeking damages for *personal injury* or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand.") (emphasis added).

Since remand, 10 of the 11 named defendants had been dismissed from the case via summary judgment or voluntary dismissal. This included Aeromet, whose dismissal on December 9, 2021, restored diversity of citizenship. At a December 2022 status hearing, Plaintiff moved for a default judgment against Defendant: the only remaining party. A damages hearing was held on January 20, 2023, and Plaintiff was the only party to appear. *See* (Hearing Journal Entry, Lake Superior Ct. Civ. Div. 6, Case No. 45D10-1812-CT-947, Jan. 20, 2023).

On January 23, 2023, the court entered a $15,000,000 default judgment against Defendant. Attorneys for Defendant filed an appearance on February 8, 2023, and then filed a Motion to Correct Error and Set Aside the Default Judgment on February 22, 2023. *See* (Mot. to Correct Error and Mot. to Set Aside Default J., Lake Superior Ct. Civ. Div. 6, Case No. 45D10-1812-CT-947, Feb. 22, 2023). Thirty-one exhibits were filed with this motion, including Plaintiff's amended complaint and an affidavit from Shaddon detailing the extent of Defendant's contact with the heavy machinery Plaintiff was using at the time of the injury. *Id.* The parties fully briefed the issue of whether the default judgment should be set aside. The State Court then heard oral argument and asked the parties to file proposed findings of fact and conclusions of law by July 20, 2023. On August 15, 2023, the court set aside the $15,000,000 default judgment and adopted Defendant's findings of fact and conclusions of law, which included a finding that Plaintiff's service on Defendant was deficient. *See* (Order, Lake Superior Ct. Civ. Div. 6, Case No. 45D10-1812-CT-947, Aug. 15, 2023).

Defendant answered the Amended Complaint on August 24, 2023. *See* (Answer, Lake Superior Ct. Civ. Div. 6, Case No. 45D10-1812-CT-947, Aug. 25, 2023). On September 6, 2023, Plaintiff filed a motion to certify for interlocutory appeal the issue of whether service was proper. Defendant responded to that motion on September 19, 2023, arguing that the order setting aside

the default judgment was a final appealable order, i.e., not interlocutory, and Plaintiff's time to appeal the order had lapsed. Three days later, on September 22, 2023, Defendant filed a notice of removal to this Court. (Notice of Removal, Case No. 2:23-cv-00315, Sept. 22, 2023, [DE 1]). Plaintiff timely filed the instant motion to remand on October 18, 2023, alleging that Defendant's removal was procedurally deficient. *See* (Pl.'s Mot. for Remand, Case No. 2:23-cv-00315, Oct. 18, 2023, [DE 11]).

## Legal Standard

### A. Substantive Requirements of Removal

Section 1441 of Title 28 authorizes a defendant's removal to federal district court "any civil action brought in a State court" if the "the district courts… have original jurisdiction." 28 U.S. § 1441(a). Federal district courts' original jurisdiction includes cases "between citizens of different states" where "the matter in controversy exceeds $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)-(a)(1). The defendant removing the case to federal court bears the burden of showing that removal is proper. *Tedesco v. State Farm Fire and Casualty Company*, 599 F.Supp.3d 750, 755 (N.D. Ind. 2022) (internal citations omitted).

### B. Procedural Requirements of Removal

"The substantive jurisdictional requirements for removal are not the only hurdles that a removing defendant must clear to avoid a remand back to state court." *Tedesco*, 599 F.Supp.3d at 756. There are also two procedural requirements, set forth in §§ 1446(a)-(b), respectively. The first is § 1446(a)'s filing requirement: "[a] defendant… shall file in the district court… a notice of removal signed pursuant to Rule 11… and containing a short plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant… in such action." 28 U.S.C. § 1446(a).

4

The second procedural requirement concerns the timing of removal. These rules are found in subsections 1446(b)(1)-(3), each of which imposes a 30-day window for removal.[3] *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal… shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based[.]"); 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."); and 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

The Seventh Circuit has adopted a bright-line rule to clarify "the standard for determining when the 30-day time limit" is triggered:

> The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought.
>
> This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

*Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823-24 (7th Cir. 2013); *see also Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 697-98 (applying *Walker*'s bright-line rule to a single-plaintiff case).

---

[3] Subsection 1446(c)(1) also addresses the timing of removal. It prohibits a defendant from removing a case to federal court under 28 U.S.C. § 1332 "more than 1 year after the commencement of the action" unless the plaintiff has acted in bad faith. 28 U.S.C. § 1446(c)(1). The Court does not address this subsection, because it decides the case on other grounds.

5

This bright-line rule applies to each of § 1446(b)'s subsections. *See Tedesco*, 599 F.Supp.3d at 764 (internal citation omitted). A court, in determining the start of the 30-day removal clock, need not conduct "a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Walker*, 727 F.3d at 825. So, a court's only endeavor is to identify the pleading, or other paper, that upon receipt shows a defendant that its case is removable.

## Discussion

### A. Diversity Jurisdiction Exists

As a threshold matter, the parties agree that the substantive requirements for removal have been met. The parties are citizens of different states, and the amount in controversy exceeds $75,000. *See* (Notice of Removal, Case No. 2:23-cv-00315, ¶¶ 9, 11-12, [DE 1]); (Pl.'s Mot. for Remand, Case No. 2:23-cv-00315, ¶ 7 [DE 11]); (Memo. in Supp. of Pl.'s Mot. for Remand, Case No. 2:23-cv-00315, ¶ 26 [DE 12]). Therefore, if the mechanics of removal are followed, the Court would have original jurisdiction over this matter.

A defendant must also comply with the procedural requirements, filing and timing, set forth by §§ 1446(a)-(b). Defendant has cleared the filing hurdle found in § 1446(a), since the notice of removal was signed, filed in the proper venue, stated the grounds for removal, and included the State Court Record. *See* 28 U.S.C. § 1446(a); *see generally* (Notice of Removal, Case No. 2:23-cv-00315, [DE 1]). Defendant's final hurdle then is meeting the timing requirements outlined in § 1446(b).

### B. Defendant's Notice of Removal is Not Timely

Defendant asserts that August 24, 2023, when it answered the Amended Complaint, is the "earliest possible date that [its] 30[-]day deadline arguably began to run under 28 U.S.C. §

1446(b)(2)(B)" and therefore, its removal was timely. (Notice of Removal, ¶ 15, Case No. 2:23-cv-00315, Sept. 22, 2023, [DE 1]). Under *Walker*, Defendant's answer cannot trigger the 30-day clock because it is not a "pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." 727 F.3d 819, 823-24. The rule in *Walker* also states that the trigger is something *received* by a defendant—an answer cannot be received by its filer. Moreover, the removal statute is meant to "deprive the defendant of the… tactical advantage… [of] wait[ing to] see how he was faring in state court before deciding whether to remove the case to another court system[.]" *See Id.* at 823 (internal citations omitted).[4] If defendants were allowed to start their own 30-day clock, it would render 1446(b) meaningless.

The 30-day clock in this case started on August 15, 2023, the day the State Court vacated the default judgment. Per *Walker*, the order clearly classifies as an "other paper" since it was received by Defendant and it "unambiguously and affirmatively revealed" that the case was removable. Defendant even used the amount set aside by the order as one of its bases for removal. (Notice of Removal, ¶¶ 9, 11-12, Case No. 2:23-cv-00315, [DE 1]) ("[T]he Indiana State Court previously entered default judgment for $15,000,000."). Therefore, Defendant should have removed by September 14, 2023. Its removal on September 22, 2023, was too late.

Defendant relies on *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), to support its argument that its removal was timely. In *Murphy Bros.*, the plaintiff filed a state court complaint on January 26, 1996, faxed a copy of the complaint to the defendant on January 29, 1996, and properly served the defendant with a copy of the complaint on February 26, 1996. *Id.* at 348. The defendant removed the case to federal court on March 13, 1996, which

---

[4] N.b., Defendant filed a response to Plaintiff's Motion to Certify the Issue for Interlocutory Appeal in State Court before filing its Notice of Removal.

was 30 days after service, but 44 days after receipt of the fax. *Id.* The Supreme Court held that the "[30-day clock] does not begin to run until formal service of the complaint." *Id.* at 344.

The Court finds Defendant's reliance on *Murphy Bros.* misplaced. In *Murphy Bros.,* the Supreme Court examined the timeliness of a removal by a defendant that had been properly served with process. *Id.* at 348. Here, the State Court Order setting aside the default judgment against Defendant was based on a finding that Defendant had not been served. Defendant was then on notice that it must answer or otherwise file a response to the State Court Complaint. To that end, Defendant timely filed an answer on August 24, 2023.[5] For the purpose of removal, Defendant now wishes to go back in time and claim that it was not properly served, thus enlarging the time to file its notice of removal. The bright-line rule in *Walker* prohibits Defendant from such a practice.

### C. Attorney Fees

Upon remand, a "case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), the Supreme Court stated that "courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" and the "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Our Circuit

---

[5] Defendant's answer was filed within 20 days of the State Court Order.

If, at the time of its answer, Defendant was still concerned with the propriety of service, Defendant could have included that as an affirmative defense. *See* (Answer to Amended Complaint, pp. 14-15, Case No. 2:23-cv-00315, [DE 7]); *see also* Ind. Trial. R. P. 8(C) ("A responsive pleading shall set forth affirmatively and carry the burden of proving: . . . lack of jurisdiction over the person, . . . , insufficiency of process or service of process[.]").

The Court assumes this defense was not raised by Defendant because the issue of service had already been decided by the August 15, 2023, Order.

has addressed the objectively reasonable standard: "As a general rule, if, at the time the defendant filed its notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

Defendant's removal here was objectively reasonable: it met the substantive requirements of removal, and the timing requirement for a case such as this was not obvious. Taken together, the law set forth by the removal statute, *Murphy Bros.*, and subsequently *Walker,* did not clearly establish when the 30-day clock would begin in this particular case.

## Conclusion

The Court today decides only the issue of whether Defendant's removal was timely, and if so, whether the Plaintiff should be awarded costs and expenses as a result of the removal. This does not require the Court to delve into the interlocutory appeal, nor does it require the Court to determine how early Defendant's removal clock *could* have started. Our Circuit's holding in *Walker* directly applies. At the latest, Defendant's 30-day removal clock began when it received the order vacating the default judgment because that document affirmatively and unambiguously informed Defendant that the case was removable. In this case, the propriety of service is not a part of that equation, and improper service does not toll the start time of the 30-day clock to when the defendant feels it is best.

For the foregoing reasons, Plaintiff's Motion for Remand [DE 11] is **GRANTED** as to remand and **DENIED** as to the award of attorney fees to Plaintiff. This case is **REMANDED** back to the Lake Superior Court of Indiana.

SO ORDERED.

ENTERED: May 17, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court